UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALD CORBETT,                                    CIV. NO.  13-928(MJD/JSM)

      Plaintiff,                                    REPORT AND RECOMMENDATION

v.

BANK OF AMERICA, N.A.
d/b/a Nationsbank, N.A., et.al.,

      Defendant


The above matter came before the undersigned on Defendant's Motion to Dismiss [Docket No. 4].  William B. Butler, Esq. appeared on plaintiff's behalf.  Mark D. Schroeder, Esq. appeared on defendant Bank of America, N.A d/b/a Nationsbank, N.A.'s behalf.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A), (B) and Local Rule 72.1(c).

Plaintiff seeks to invalidate the foreclosure of the mortgage on his home.  Plaintiff asserts three claims against defendants: (1) quiet title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title.  For the reasons below, the Court recommends that defendant Bank of America, N.A d/b/a Nationsbank, N.A.'s[1] Motion to Dismiss be granted and plaintiff's claims be dismissed with prejudice.

---

[1]     In the caption of his Complaint, plaintiff also purports to sue "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein."  As "[t]here are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed.  See Sonsalla v. Mortgage Elec. Registration

I.      **BACKGROUND**

A.      **Plaintiff's Amended Complaint**

Plaintiff sued defendant Bank of America, N.A. d/b/a Nationsbank, N.A. ("BANA")

in state district court on March 27, 2013.  Notice of Removal, p. 1 [Docket No. 1].  BANA

removed the matter to Federal District Court on April 22, 2013.  Id.

The facts as alleged in the Amended Complaint[2] are as follows:   Plaintiff

acquired his interest in property in St. Paul, Minnesota ("Property") on July 28, 1999 by

Warranty Deed.   Amended Complaint, ¶¶1, 2 [Docket No. 1-1].   On July 28, 1999,

plaintiff executed and delivered a promissory note to BANA and a mortgage in favor of

BANA.  Id., ¶4.  On September 16, 2009, the Wilford & Geske, P.A. law firm drafted a

Notice of Pendency that empowered Wilford & Geske to foreclose on the Property and

bid on the property at the foreclosure sale.  Id., ¶6; Ex. 2 (Notice of Pendency and

Power of Attorney to Foreclose Mortgage).   Rhonda Weston, a Vice President of BANA,

executed the Notice of Pendency and Power of Attorney.  Id., Ex. 2.  Wilford & Geske

recorded the Notice of Pendency and Power of Attorney with the Recorder of Ramsey

County on September 25, 2009. [3]  Id.

---

Sys., Inc., Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

[2]      Plaintiff filed a complaint in state district court on or about January 10, 2013. Notice of Removal, p. 1.  Plaintiff never served this complaint on BANA.  Plaintiff's Amended Complaint was served and filed on or about March 27, 2013.  Id.

[3]      Plaintiff alleged that this Notice of Pendency and Power of Attorney were recorded on January 20, 2012, (Amended Complaint, ¶6), but the document states that it was recorded on September 25, 2009.  Id., Ex. 2.

The Amended Complaint alleged "on information and belief" that Weston lacked the legal authority to execute the Notice of Pendency. Id., ¶7.

On January 30, 2012, BANA, through the Peterson, Fram and Bergman law firm ("PFB") drafted a Notice of Pendency and Power of Attorney that empowered PFB to foreclose on the Property and bid on the Property at the foreclosure sale. Id., ¶8; Ex. 3 (Notice of Pendency and Power of Attorney to Foreclose Mortgage). Veronica Renee Ratlilff executed this Notice of Pendency as Assistant Vice President of BANA on January 30, 2012, and it was recorded with the Recorder of Ramsey County on February 23, 2012. Id., Ex. 3. The Amended Complaint alleged "on information and belief" that Ratliff lacked the legal authority to execute the Notice of Pendency. Id., ¶9.

On or about March 3, 2013, BANA, through PFB, noticed a sheriff's sale for the property and the Property was sold on April 26, 2012. Id., ¶10. PFB, on BANA's behalf, bid $51,750 in debt allegedly due to BANA. Id. A Sheriff's Certificate of Sale and foreclosure record was recorded on April 28, 2012 in the Ramsey County Office of the Recorder. Id., Ex. 4 (Sheriff's Certificate of Sale and Foreclosure Record). Plaintiff alleged that BANA engaged in "unsafe and unsound" banking practices by conducting the foreclosure and knew or had reason to know that the Notices of Pendency were void and that the foreclosure was illegal. Id., ¶¶13, 14.

The Amended Complaint contains no express allegation that plaintiff has defaulted on the promissory note, but the allegations in the Amended Complaint and documents attached to the Amended Complaint regarding foreclosure proceedings indicate that plaintiff had defaulted on the note by January 30, 2012. Id., ¶¶8, 10, Exs. 3, 4.

3

Plaintiff further alleged "on information and belief" that there existed unrecorded assignments of the mortgage, which invalidated the non-judicial foreclosure. Id., ¶¶16, 17.

Plaintiff pled the following causes of action:

Count I sought a determination of adverse claims under Minn. Stat. §599.01, et seq. This Count alleged that BANA's claim to an interest in the Property was void because plaintiff was in possession of the Property and that in a quiet title action, BANA must prove its interest in the Property by a preponderance of the evidence. Id., ¶22-26.

Count II sought a declaratory judgment pursuant to Minn. Stat. §555.01 et. seq. that the: (1) Sheriff's Certificate of Sale was void; (2) the Notice of Pendency executed by Weston on September 16, 2009, was void; (3) Power of Attorney executed on January 30, 2012, was void; and (4) plaintiff remained the fee owner of the property. Id., ¶¶29, 30,

Count III alleged slander of title based on PFB's recording of the Notice of Pendency, AOM,[4] and Sheriff's Certificate of Sale, which plaintiff claimed were false documents and not executed by legally authorized persons. Id., ¶¶32-35.

As relief, plaintiff sought a determination of the alleged adverse interests in the property; a declaratory judgment that the Sheriff's Certificate of Sale, September 16, 2009 Notice of Pendency, and January 30, 2012 Power of Attorney are void; an order

---

[4]     The Amended Complaint at ¶34 refers to the recording of an "AOM," which the Court assumes is an Assignment of Mortgage. Because there is no evidence of an Assignment of Mortgage, the Court further assumes that this was a drafting error, unless it was designed to address the unknown unrecorded assignments of mortgage alleged earlier in the Amended Complaint at ¶16.

that plaintiff is the fee owner of the property; and damages.   Amended Complaint, Prayer for Relief, ¶¶I, II, III.

### B.   Defendant's Motion to Dismiss

In lieu of answering, BANA moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. Mem."), pp. 3-4 [Docket No. 9].   BANA stated that plaintiff executed a note and mortgage on the property.   Amended Complaint, Ex. 1 (Mortgage); Affidavit of Mark G. Schroeder ("Schroeder Aff."), Exs. A, B (Note and Mortgage) [Docket No. 6-1].   BANA was the original mortgagee.   Def. Mem., p. 2; Amended Complaint, Ex. 1.   On September 25, 2009, after plaintiff defaulted on the mortgage, BANA recorded a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage with the Ramsey County Recorder authorizing attorneys with the Wilford & Geske law firm to foreclose the mortgage by advertisement.[5]   Id., Amended Complaint, Ex. 2, Schroeder Aff., Ex. C.   On February 23, 2012, BANA recorded a Notice of Pendency and Power of Attorney to Foreclose Mortgage by Corporation with the Ramsey County Recorder authorizing PFB to foreclose the mortgage.   Id., Amended Complaint, Ex. 3, Schroeder Aff., Ex. D.   The property was sold to BANA at a foreclosure sale on April 26, 2012.   Amended Complaint, Ex. 4 (Sheriff's Certificate of Sale); Schroeder Aff., Ex. E (same).

With respect to Count I—the quiet title claim— BANA argued that the cause of action failed because plaintiff's allegations that Weston and Ratliff were not authorized to sign the Notices of Pendency and that there are unrecorded assignments are

---

[5]     It did not appear that BANA took any further action to foreclose on the Property in 2009.

unsupported by any factual evidence.  Def. Mem., p. 4.  BANA submitted that plaintiff's conclusory, unsupported statements regarding the alleged "adverse interests" in the Property are insufficient to make out a cause of action under the pleading standards of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and, therefore, all claims under the Quiet Title Act must be dismissed.  Id., pp. 3-7.  Moreover, as for plaintiff's claim regarding unrecorded assignments of the mortgage, BANA argued that this contention was not only speculative, it was "utterly implausible." Id., pp. 9-10.  BANA was the original mortgagee and the mortgage was never assigned. Id., p. 10.  The original mortgage naming BANA as the mortgagor and the Sheriff's Certificate of Sale naming BANA as the foreclosing entity demonstrate an unbroken chain of title.  Id.

BANA further contended that plaintiff lacked standing to challenge the validity of the Notices of Pendency and Powers of Attorney.  Id., pp. 8-9 (citing Blaylock v. Wells Fargo Bank, N.A., Civ. No. 12-693 (ADM/LIB), 2012 WL 2529197, at *5 (D. Minn June 29, 2012) ("Mortgagors do not have standing to challenge a non-judicial foreclosure); Butler v. Bank of America, N.A., Civ. No. 11-461(DWF/TNL), 2011 WL 2728321, at *6 (D. Minn. July 20, 2011) ("Because the Butlers do not allege that the foreclosure proceedings were initiated on behalf of an entity other than the mortgagee holding legal title, they have no standing to assert the various claims in the Complaint attempting to challenge the foreclosure by advertisement process."); Sovis v. Bank of New York Mellon, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (plaintiff lacks standing to assert claims regarding assignment of mortgage).  However, even assuming the foreclosure documents were invalidly executed, BANA maintained

there was no evidence that plaintiff suffered any injury as a result, and that without concrete injury, there can be no standing. <u>Id.</u>, pp. 8-9 (citations omitted).

BANA also asserted that a determination of adverse interests under Minn. Stat. §559.01 is an equitable remedy. <u>Id.</u>, p. 10. Consequently, the doctrine of unclean hands bars plaintiff's claims because he defaulted on his mortgage obligations. <u>Id.</u> (citing <u>Stilp v. HSBC Bank USA, N.A.</u>, Civ. No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. March 20, 2013) (a plaintiff seeking equitable relief must come to court with "clean hands); <u>Novak v. JP Morgan Chase Bank, N.A.</u>, Civ. No. 12–589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (in Minnesota, "[a]ctions to quiet title and determine adverse claims are equitable actions" and a plaintiff who seeks equity must come to court with clean hands); <u>aff'd</u>, 518 F. App'x 498 (8th Cir. 2013)).

As to plaintiff's request for a declaratory judgment in Count II, BANA urged that a request for a declaratory judgment is not a cause of action, it is a remedy. <u>Id.</u>, p. 12. Therefore, because plaintiff's substantive causes of action fail, so too does his request for declaratory relief. <u>Id.</u> Further, even if it was possible to plead for declaratory relief, such relief is not possible in light of the fact that the redemption period following the sheriff's sale had passed. <u>Id.</u> In those circumstances, the Sheriff's Certificate of Sale constitutes <u>prima</u> <u>facie</u> evidence that the foreclosure was legally proper. <u>Id.</u>, pp. 12-13 (citations omitted).

With regard to Count III, alleging a claim for slander of title, BANA argued that this claim is again premised on a theory, and not facts, and must be dismissed. <u>Id.</u>, p. 13-16. In support, BANA set out the elements required to make out a slander of title claim under Minnesota law – a false statement maliciously published to others, which

caused plaintiff pecuniary loss in the form of special damages – and then urged that as plaintiff had not alleged any facts in his Amended Complaint to support any of these elements, the claim must be dismissed.  Id., pp. 14-16 (citations omitted).  Additionally, plaintiff failed to allege any facts showing reliance on any alleged misrepresentations. Id., pp. 15-16 (citing Welk v. GMAC Mortgage, LLC, 850 F. Supp.2d 976, 994 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013).

In opposition, plaintiff responded that all he needed to allege at this stage of the proceedings was that he was in possession of the Property and that BANA claimed an adverse interest in the Property.  Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl. Opp. Mem."), p. 5 [Docket No. 12].  Once those allegations are stated, the burden of proof shifts to the party claiming an adverse interest to show that it has title to the property.  Id., pp. 6-9.  Consequently, under the Erie doctrine, the Court cannot apply Rule 12(b)(6) to determine which party has the burden of proof—a substantive issue that has already been decided under state law.  Id., pp. 8-9.

Plaintiff also argued that the Minnesota Supreme Court made it clear that a mortgagor had standing to challenge the validity of the foreclosure of his property after the expiration of the redemption period.  Id., pp. 5-6 (citing Ruiz v. 1st Fidelity Loan Servicing, LLC, 829 N.W.2d 53 (Minn. 2013)).

Plaintiff further maintained that his quiet title claim was not barred by the doctrine of unclean hands because it is not settled that the doctrine applies to quiet title actions and, in any event, not only has there been no factual development of the defense, but BANA has not shown that he defaulted on his mortgage payments. Id., pp. 10-14.

Plaintiff denied that Count II must be dismissed in light of the failure of his substantive claims because Count I "clearly states a claim." Id., p. 9-10. Plaintiff made no mention in his opposition brief of Count III, the slander of title claim.

In reply, BANA submitted that plaintiff's "burden of proof" argument relating to his quiet title claim had been addressed and rejected by the Eighth Circuit when it determined that the federal pleading standard governed the determination of whether plaintiff stated a claim for quiet title, and under that standard, plaintiff could not rely merely on "labels and conclusions, based on speculation."   Defendant's Reply Memorandum ("Def. Reply"), pp. 2-3 [Docket No. 13] pp. 2-4 (citing Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013)); Vang v. PNC Mortgage, Inc., Civ. No. 12-2501, 2013 WL 2228756, at *3 (8th Cir. May 22, 2013); Blaylock v. Wells Fargo, Civ. Nos. 12-2607 and 12-3230, 502 Fed. Appx. 623, 624 (8th Cir. Apr. 19, 2013); Jerde v. JPMorgan Chase Bank, N.A., Civ. No. 12-1462, 502 Fed. Appx. 616, 617 (8th Cir. Mar. 14, 2013)); Warner v. Chase Home Finance, LLC, Civ. No. 13-193 (DWF/SER), 2013 WL 1249471, at *3 (D. Minn. Mar. 27, 2013), aff'd, 2013 WL 5340502, at *1 (8th Cir. Sept. 25, 2013); Stilp v. HSBC Bank USA, N.A., Civ. No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013), aff'd, 2013 WL 5340399, at *1 (8th Cir. Sept. 25, 2013); Novak, 2012 WL 3638513, at *4).   Here, plaintiff has not met the federal pleading standard as he has only made speculative assertions, without any factual support, to support his quiet title claim. Id., p. 5.

Regarding the standing argument, BANA rejected plaintiff's description of the holding in Ruiz. Id., pp. 5-6.  The court in Ruiz addressed whether a mortgagee timely

recorded an assignment, not whether the assignment was valid.  Id., pp. 5- 6.  BANA noted that the court did not address the question of standing and, therefore, the Ruiz decision did not "undermine the established and overwhelming weight of authority holding that borrowers do not have standing to challenge foreclosure documents to which they were not a party."  Id., p. 6.

BANA again reiterated that it is well established that when a party fails to establish a quiet title claim, his request for declaratory judgment must also be denied. Id. (citing Butler v. Federal Nat'l Mortgage Ass'n., Civ. No. 12-2697(SRN/TNL), 2013 WL 2145701, at *3-4 (D. Minn. May 15, 2013)).

As for plaintiff's argument that it was not definitively settled that a quiet title claim was an equitable action that can be barred by the doctrine of unclean hands, BANA pointed to decisions in this district and Minnesota case law in which the courts held otherwise.  Id., p. 7 (citing Butler, 2013 WL 2145701, at *7; Haubrich v. U.S. Bank Nat. Ass'n., Civ. No. 12-565(DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012); Denman v. Gans, 607 N.W.2d 788, 793 (Minn. Ct. App. 2000).

Lastly, BANA noted that plaintiff failed to address BANA's argument that he failed to state a claim for slander of title.  Id., p. 8.  Consequently, BANA urged that plaintiff's slander of title claim should be dismissed on that basis.  Id.

## II.   LEGAL STANDARDS

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true.  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).   In addition, a court must afford the plaintiff all reasonable

inferences from those allegations.  <u>Blankenship v. USA Truck, Inc.</u>, 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in <u>Twombly</u> and <u>Iqbal</u>.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  <u>Iqbal</u>, 556 U.S. at 662 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S., at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id</u>. at 677 (quoting <u>Twombly</u>, 550 U.S. at 556).  "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Ritchie v. St. Louis Jewish Light</u>, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted).  "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Iqbal</u>, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment. See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted).); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

"Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983). Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by

amendment"); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (a <u>pro se</u> litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); <u>Ikechi v. Verizon Wireless</u>, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797 at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791 at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

## III.    DISCUSSION

### A.    <u>Count I—Quiet Title</u>

In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."   Minn. Stat. §559.01. However, mere allegations of a plaintiff's possession of the property and conclusory statements that the defendant's adverse claims are invalid are insufficient to state a claim for relief.   <u>See</u> <u>Karnatcheva</u>, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid.").

Consequently, this Court rejects plaintiff's argument that somehow his quiet title claim is exempt from federal pleading requirements. Plaintiff's counsel made this exact argument in the past and the Eighth Circuit could not have been more emphatic in its response: "[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva, 704 F.3d at 548); see also Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013) (quoting Karnatcheva); Novak, 518 F. App'x at 501 (quoting Karnatcheva); Gharwal v. Federal Nat'l Mortgage Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (noting that the Eighth Circuit has "squarely and repeatedly rejected" this argument).

In addition, the Eighth Circuit in Karnatcheva settled the "burden of proof" argument advocated here by plaintiff. 704 F.3d at 548. As the court explained in Gharwal:

> Karnatcheva rejected that [burden of proof] argument, specifically holding that § 559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. Karnatcheva, 704 F.3d at 548. Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it. The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[6] has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." Welk v GMAC Mortg., LLC, 850 F.Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts. The claim fails under Rule 12(b)(6).

---

[6] Both Gharwal and Karnatcheva were represented by William Butler, plaintiff's counsel in the instant case.

2013 WL 4838904, at *3; <u>see</u> <u>also</u> <u>Yang Mee Thao-Xiong v. American Mortgage Corp.</u>, Civ. No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting <u>Novak</u>, 2012 WL 3638513, at *4) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

In the instant case, plaintiff has made wholly unsupported statements about "adverse interests" in the property, unrecorded assignments, and the alleged lack of legal authority by the individuals signing the foreclosure documents.  Complaint, ¶¶7, 9, 16.  Plaintiff's pleading of some of these facts on "information and belief," cannot save his Complaint.  Complaint, ¶¶7, 9, 16.  While it is true that the "Eighth Circuit has yet to address whether a pleading based on 'information and belief' is sufficient to state a claim," <u>LaCroix v. U.S. Bank, NA</u>, Civ. No. 11–3236 (DSD/JJK), 2012 WL 2357602, at *6 (D. Minn. June 20, 2012), on the other hand, the Eighth Circuit has unequivocally held that conclusory allegations lacking in factual support are insufficient to satisfy the Rule 8 pleading standards or the standards described by the Supreme Court in <u>Iqbal</u> and <u>Twombly</u>.  <u>See</u> <u>Karnatvcheva</u>, 704 F.3d at 548; <u>Ko v. Mortgage Elec. Registration Sys.</u>, Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); <u>Lara v. Federal Nat'l Mortgage Ass'n</u>, Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); <u>Schumacher v. Federal Home Loan Mortgage Corp.</u>, Civil No. 13-29 (DSD/FLN), 2013 WL 3033746, *2 (D. Minn. June 17, 2013).

That is the case here.  Indeed, the documents referenced in and attached to the Complaint show BANA was the only mortgagee and a properly recorded Power of Attorney to Foreclose.  Complaint, Exs. 1, 2, 3; <u>see</u> <u>also</u> Schroeder Aff. Exs. A, B (Note

and Mortgage), C (Notice of Pendency), D (Notice of Pendency), E (Sheriff's Certificate of Sale).  Thus, not only is there no factual support for plaintiff's bald assertions, the record shows the exact opposite—there were no unrecorded assignments of the mortgage and the foreclosure was proper.  Additionally, the Minnesota Supreme Court's decision in Ruiz did not change the firmly-established law that plaintiffs lack standing to challenge the foreclosure on the basis of allegedly improperly executed foreclosure documents.  Ruiz concerned the requirement that assignments of mortgage be recorded before the mortgagee may engage in foreclosure by advertisement.  Ruiz, 829 N.W.2d at 58.  There are no unrecorded assignments of mortgage in this case.

Further, even assuming that the individuals who executed the Notices of Pendency lacked signing authority, plaintiff suffered no injury in fact as a result and therefore, he has no standing to pursue his claims.  Forseth v. Bank of America, N.A., Civ. No. 13-38 (SRN/TNL), 2013 WL 2297036 at *5 (D. Minn. May 24, 2013) ("The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation. But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan.  There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event. The Forseths defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked

signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims").

Finally, as BANA argued, a quiet title action is a proceeding in equity and as such, a plaintiff who seeks to quiet title must come to court with clean hands. Haubrich, 2012 WL 3612023, at *3  (a quiet title claim is an equitable action requiring borrower to have clean hands), aff'd, 720 F.3d 979 (8th Cir. 2013).  See also Yang Mee Thao-Xiong, 2013 WL 3788799, at *4 (plaintiff's unclean hands in defaulting on her mortgage prevented her from seeking equitable relief); Stilp, 2013 WL 1175025, at *4 ("[p]laintiffs defaulted on their mortgage loan over four years ago.  They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands.") (citation omitted).  Plaintiff, having defaulted on his mortgage, comes to court with unclean hands and is precluded from pursuing a quiet title claim.  Novak, 2012 WL 3638513, at *4 (citing Santee v. Travelers Ins. Co., 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a quiet title claim).

For all of these reasons, plaintiff's quiet title claim should be dismissed.

### C.    Count II—Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action.  See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617–618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action").  In light of the Court's conclusion that plaintiff's substantive claims must be dismissed under Rule 12(b)(6),

(see Section III.B, supra, Section III.D, infra), "[he is] left with a remedy in search of right." Scanlon v. Northwest Mortgage, Inc., Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012).  See also Lara, 2013 WL 3088728, at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

Plaintiff's claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

### D.    Count III—Slander of Title

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.  Paidar v. Hughes, 615 N.W.2d 276, 279–80 (Minn. 2000) (citation omitted).   To plead malice, plaintiff "must raise factual allegations sufficient to create a plausible claim that at least one of the [  ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'"  Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254,1258 (8th Cir. 2013) (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be

a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). Additionally, plaintiff must establish that he relied on the alleged false statement. See Welk, 850 F.Supp.2d at 993-94.

Plaintiff did not address BANA's arguments regarding dismissal of his slander of title claim in his opposition brief. Therefore, the Court treats plaintiff's lack of opposition as a concession that the claim cannot succeed and should be dismissed. Gharwal, 2013 WL 4838904, at *1, n. 2 (dismissing slander of title claim for failure to respond to defendants' arguments in favor of dismissal); Mark v. Ault, 498 F.3d 775, 786 (8th Cir. 2007) (holding that failure to raise or address an issue constitutes abandonment) (citation omitted).

However, even if plaintiff had not waived his right to defend his slander of title claim, the Court finds the claim must be dismissed because he has alleged no facts from which this Court could infer that BABA made a false statement, acted maliciously or that plaintiff suffered any pecuniary loss from a publication concerning title to his property. See Ko, 2013 WL 4052680, at *4 (dismissing similarly-pled slander of title claim). Significantly, although plaintiff stated in this Count that "[t]he documents were false because unauthorized persons without authority executed the [Power of Attorney], [Assignment of Mortgage], and Sheriff's Certificate, (Complaint, ¶34), as previously discussed, plaintiff made these allegations "on information and belief" and pled no facts to support his allegations regarding signing authority. See Lara, 2013 WL 3088728, at *3 (dismissing slander of title claim based on allegation that individuals signing

documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations regarding signing authority."). Therefore, plaintiff failed to state a claim for slander of title, and dismissal is required.[7]

### E.   Dismissal with Prejudice

This Court is firmly persuaded that re-pleading will not cure the defects in plaintiff's Amended Complaint. The record as submitted by plaintiff not only provides no support for plaintiff's quiet title and slander of title claims, it contradicts the underpinnings of these causes of action by demonstrating that the foreclosure was valid. The Sheriff's Certificate of Sale, (Amended Complaint, Ex. 4), constitutes prima facie evidence that the foreclosure was proper, (see Minn. Stat. §580.19), and the Amended Complaint alleged no facts to rebut this evidence. Therefore, there is no basis for this Court to afford the relief requested by plaintiff.

For all of these reasons, this Court recommends that plaintiff's suit be dismissed with prejudice.

### III.   RECOMMENDATION

For the reasons set forth above, it is recommended that:

(1)   Defendants' Motion to Dismiss [Docket No. 4] be **GRANTED.**

(2)   This matter be dismissed with prejudice.

---

[7]   The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b). See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims); See also Ko, 2013 WL 3088728, at *4; Pope v. Fed Home Loan Mortgage Corp., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); Haubrich, 2012 WL 3612023, at *6 (D. Minn. Aug. 21, 2012). BANA did not argue in favor of dismissal based on plaintiff's failure to meet this standard. Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.

Dated: December 9, 2013
                                        *Janie S. Mayeron*
                                        JANIE S. MAYERON
                                        United States Magistrate Judge


## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 23, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.